UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Pape SOW,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>Christopher LaROSE, et al.,<br><br>　　　　　　　　　　Respondents. | Case No.: 26-cv-1115-AGS-MMP<br><br>**ORDER REQUIRING RETURN** |

     Petitioner Pape Sow seeks a writ of habeas corpus under 28 U.S.C. § 2241 to free him from immigration detention. At this stage, he need only make out a claim that is sufficiently cognizable to warrant an answer or return. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 (authorizing summary dismissal "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief"); *id*., Rule 1(b) (permitting application of Rules Governing Section 2254 Cases to any "habeas corpus petition"). In this context, the relevant federal rules permit "summary dismissal of claims that are clearly not cognizable." *Neiss v. Bludworth*, 114 F.4th 1038, 1045 (9th Cir. 2024) (cleaned up). But "as long as a petition has any potential merit, it is not so frivolous or incredible as to justify summary dismissal[.]" *Id*.

     In 2022, Sow—a "Type I diabetic 35-year-old citizen of Senegal"—"first entered the United States" and "was released on his own recognizance." (ECF 1, at 2.) A few years later, on "October 14, 2025," he was "ordered removed" for failing to pay application fees. (*Id*.) Initially, Sow remained in the United States while pursuing asylum. Yet he became "a victim of a crime," in which he was "kidnapped" and involuntarily brought to "Tijuana," Mexico. (*Id*. at 19.) Once there, he was "robbed of his vehicle" and, after regaining consciousness, re-entered the United States on "October 28, 2025"—"again seeking to pursue his asylum claim." (*Id*. at 20.) Upon re-entry, however, immigration officials "detained" him, and he remains in custody. (*Id*. at 10.) In addition, in January 2026, Sow

"filed a new asylum application," and on "February 11, 2026," an immigration judge "ordered" him "removed to Uganda." (*Id.* at 2–3.) Sow has appealed that decision. (*Id.* at 2.)

Sow requests that "[t]his Court [] not consider [his] involuntary departure as an interruption to his continuous presence in the United States," and he asserts that respondents "abused their discretion" in detaining him because "there have been no changes to [his] facts or circumstances that support his detention." (*Id.* at 23, 26); *see also* 8 C.F.R. § 212.5(e). His continued detention, he argues, violates his "due process rights." (ECF 1, at 27.) Among other concerns, Sow alleges that his "physician recommends checking his blood sugar every two to three hours" to manage his diabetes, but "while detained he has been restricted to testing only twice daily at 5:00am and 10:00pm." (*Id.* at 20.) He asserts that the "meals" are "inadequate" for managing his health condition. (*Id.*)

This challenge warrants an answer. Petitioner raises several potential grounds for relief, including unlawful revocation of parole under 8 U.S.C. § 1182(d)(5)(A) and unlawful mandatory detention under 8 U.S.C. § 1225. It's unclear how his detention, these statutes, and the kidnapping incident interplay, but his claims do not justify summary dismissal.

So, by **March 3, 2026**, the government must answer. Any reply by the petitioner is due **March 10, 2026**, and the Court will hold a hearing on **March 26, 2026, at 10:00 a.m.**

Dated:  February 24, 2026

Hon. Andrew G. Schopler
United States District Judge